Irene Y. Lee, State Bar No. 213625
ilee@raklaw.com
Leeran Kasis, State Bar No. 322296
lkasis@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone:   (310) 826-7474
Facsimile:    (310) 979-8268

Attorneys for Applicants THOR TECH, INC.
and AIRSTREAM, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of THOR TECH, INC. and AIRSTREAM, INC. for Issuance of Subpoenas Pursuant to 35 U.S.C. §24 | Miscellaneous Case No. 2:26-mc-00055<br><br>**APPLICATION FOR ISSUANCE OF SUBPOENAS PURSUANT TO 35 U.S.C. § 24**<br><br>**Trademark Trial and Appeal Board Cancellation Proceeding No. 92089808** |

1

Applicants Thor Tech, Inc. ("Thor Tech") and Airstream, Inc. ("Airstream") (collectively, "Applicants"), Petitioners in Trademark Trial and Appeal Board ("TTAB") Cancellation Proceeding No. 92089808, captioned *Thor Tech, Inc. and Airstream, Inc. v. Bowlus LLC* (the "TTAB Proceeding"), respectfully apply to the Clerk of this Court for issuance of subpoenas pursuant to 35 U.S.C. § 24 to compel the deposition testimony of four non-party witnesses residing or regularly employed within this District.

**STATUTORY AUTHORITY:**

1.      35 U.S.C. § 24 provides that "The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena."

**BACKGROUND:**

2.      The TTAB Proceeding is a currently pending contested trademark cancellation proceeding in the Patent and Trademark Office within the meaning of 35 U.S.C. § 24. Attached hereto as **Exhibit A** is a true and correct copy of Applicants' Petition for Cancellation of Registration No. 7,239,547 (the "Subject Registration") for the RIVET mark (the "Subject Mark") that is the subject of the TTAB Proceeding. Additionally, attached hereto as **Exhibit B** is a true and correct copy of the Consent Motion to Extend which provides the currently operative case deadlines in the TTAB Proceeding, as well as the Board's Order granting the Motion to Extend. Per **Exhibit B**, the fact discovery cut-off is currently September 12, 2026. Additionally, Applicants' 30-day trial period ends December 11, 2026.

3.      Applicants are the Petitioners in the TTAB Proceeding and seek cancellation of the Subject Registration held by Respondent Bowlus LLC ("Respondent"). For brevity, Applicants will not restate each allegation in the

APPLICATION FOR ISSUANCE OF SUBPOENAS PURSUANT TO 35 U.S.C. § 24

RUSS, AUGUST & KABAT

Petition for Cancellation but submit the following relevant allegations.

4.     The TTAB Proceeding arises out of, among other things, Respondent fraudulently obtaining the Subject Registration by knowingly making false and material representations to the United States Patent and Trademark Office ("USPTO"), including, without limitation, submitting fake specimens. The Subject Registration for the Subject Mark covers the following International Class 12 goods: "Land vehicles; Land vehicles and structural parts therefor; Recreational vehicles, namely, park trailers; Recreational vehicles, namely, towable trailers; Recreational vehicles, namely, travel trailers; Travel trailers."

5.     When filing an application for the Subject Mark on July 25, 2022, Respondent claimed it had actually used the RIVET mark on or in connection with these goods in commerce at least as early as July 25, 2022. In response to an ex parte Petition for Reexamination (the "Ex Parte Petition") filed February 7, 2024 by Applicant Thor Tech, Inc., Respondent subsequently amended the date of first use to May 1, 2022. However, Respondent had not actually used the Subject Mark in commerce in connection with any of the listed International Class 12 goods as of either date.

6.     The Ex Parte Petition was instituted on March 8, 2024, which resulted in a series of Office actions and responses thereto. In total, Respondent submitted four responses to Office actions and five declarations in support thereof. Significantly, none of the Respondent's responses or declarations addressed the specimen submitted in connection with the Application or the Ex Parte Petition's allegation that the specimen is fake. And although the Ex Parte Petition was ultimately terminated on May 14, 2025, a careful examination of the declarations and purported evidence Respondent submitted provide further confirmation that the Subject Registration was obtained fraudulently.

7.     For example, Respondent submitted a response on June 11, 2024 through its outside counsel, Natalya Vasyuk, seeking to correct the date of first use

RUSS, AUGUST & KABAT

of the Subject Mark from July 25, 2022 to May 1, 2022. It claimed that Respondent made an inadvertent "error" in its original Application. Respondent also provided sworn declarations from its outside counsel Ms. Vasyuk and Respondent's Manager Helena Mitchell. Attached as **Exhibit C** is a true and correct copy of the June 11, 2024 Response including the declarations and exhibits.

8. Respondent's outside counsel Ms. Vasyuk provided sworn testimony that "the Subject Mark was used in commerce with Class 12 goods … as early as May 1, 2022." Ms. Mitchell also represented that she gathered evidence "on behalf of Bowlus in support of its 'RIVET' [mark] being used in commerce as of the relevant date" of May 1, 2022. Respondent did not submit any evidence of online use of RIVET as of the relevant date to refute the Ex Parte Petition. On the contrary, Ms. Mitchell conceded that "no online presence of Rivet existed prior to a big launch in 2024" and declared under oath that the mark's use in commerce stemmed from an intra-company transaction between two Bowlus entities. In particular, Ms. Mitchell cited to an agreement dated May 1, 2022 between Respondent and its affiliated company Bowlus Road Chief LLC to purportedly add Rivet as an authorized product at a Bowlus LLC dealer located in Henderson, Nevada (the "Agreement"). Ms. Mitchell attached a heavily redacted copy of the Agreement and invoice in support thereof, showing an alleged sale between herself as Managing Member of Bowlus LLC and her husband, John Long, Managing Member of Bowlus Road Chief LLC. Other heavily redacted exhibits include alleged "pitch decks" and marketing materials for the Rivet, including an email from a person named Jonathan Wahl, who bears an @bowlus.com email address.

9. Respondent submitted a response to another Office action on November 1, 2024 with another sworn declaration from Ms. Vasyuk only, as opposed to an officer or employee of Respondent with personal knowledge. Attached as **Exhibit D** is a true and correct copy of the November 1, 2024 response, including the declaration by Respondent's outside counsel Ms. Vasyuk.

APPLICATION FOR ISSUANCE OF SUBPOENAS PURSUANT TO 35 U.S.C. § 24

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

10. Applicants served deposition notices on May 22, 2026 to Geneva Long, Helena Mitchell, John Long, Jonathan Wahl, and Natalya Vasyuk. On June 1, 2026, counsel for Applicants and counsel for Respondent met and conferred, during which counsel for Respondent represented that he could not accept service for Helena Mitchell, John Long, Jonathan Wahl, and Natalya Vasyuk because he does not represent them. On June 3, 2026, counsel for Applicants wrote to counsel for Respondent and pointed out that Helena Mitchell had signed a declaration under penalty of perjury declaring that she is a "Managing Member of Bowlus, LLC." Counsel for Applicants also pointed out that Jonathan Wahl and John Long have made public representations that they work for Bowlus. On June 5, 2026, counsel for Respondent responded that he "was made aware that Ms. Mitchell is also a member of Bowlus LLC" but that "Mr. Long and Mr. Wahl … have no association with Bowlus LLC." The email exchange is attached as **Exhibit E**.

**NON-PARTY WITNESSES/DEPONENTS:**

11. Each of the following witnesses resides or is regularly employed within the Central District of California. Each witness possesses information and knowledge relevant to the contested issues in the TTAB Proceeding, including but not limited to, issues regarding Respondent's claimed alleged use of the Subject Mark, business operations, and other facts bearing on the cancellation claims and defenses. The non-party witnesses are as follows:

a. Person Most Qualified/Knowledgeable of Bowlus Road Chief LLC, a Nevada limited liability company. According to the Statement of Information filed by Bowlus Road Chief LLC on July 22, 2025, Bowlus Road Chief LLC's principal address is 5716 Corsa Avenue, Suite 110, Westlake Village, California 91362-7354. Bowlus Road Chief, LLC also represented in an exhibit submitted during the Ex Parte Petition that it has an address at 1910 Eastman Avenue, Unit B, Oxnard, California 93030. The Person Most Qualified/Knowledgeable of Bowlus Road Chief LLC will testify regarding Respondent's claims of alleged use of the

APPLICATION FOR ISSUANCE OF SUBPOENAS PURSUANT TO 35 U.S.C. § 24

RUSS, AUGUST & KABAT

Subject Mark and other facts bearing on the cancellation claims and defenses. As an entity, Bowlus Road Chief, LLC will be required to designate one or more officers, directors, managing agents, or other persons to appear and testify on its behalf pursuant to Federal Rule of Civil Procedure 30(b)(6). The subjects of examination are set forth in the subpoena addressed to Bowlus Road Chief, LLC.

b.    John Long – Mr. Long is Managing Member of Bowlus Road Chief LLC, is the husband of Respondent's Managing Member Ms. Mitchell, and father of Bowlus Road Chief LLC's CEO, Geneva Long. Mr. Long resides and/or is regularly employed within the Central District of California. Mr. Long is employed in the County of Ventura, California and resides in Santa Barbara, California. According to the Statement of Information filed by Bowlus Road Chief LLC on July 22, 2025, Mr. Long's Member Address is 5716 Corsa Avenue, Suite 110, Westlake Village, California 91362-7354. Mr. Long is expected to testify about Respondent's claims of alleged use of the Subject Mark and other facts directly bearing on the cancellation claims and defenses.

c.    Jonathan Wahl – Mr. Wahl is the COO of Bowlus Road Chief LLC. Mr. Wahl resides and/or is regularly employed within the Central District of California. Mr. Wahl is employed in the County of Ventura (Oxnard), California and resides in Santa Barbara, California. Mr. Wahl is expected to testify about Respondent's claims of alleged use of the Subject Mark and other facts bearing on the cancellation claims and defenses.

d.    Natalya Vasyuk – Ms. Vasyuk is a partner in the Los Angeles office of Manning Kass. Ms. Vasyuk resides and/or is regularly employed within the Central District of California. Ms. Vasyuk is employed in the County of Los Angeles, California and upon information and belief, also resides in the County of Los Angeles. Ms. Vasyuk is expected to testify about the sworn declarations she submitted (including in lieu of a declaration from an officer or employee of Respondent with personal knowledge) in support of the Ex Parte Petition.

6

APPLICATION FOR ISSUANCE OF SUBPOENAS PURSUANT TO 35 U.S.C. § 24

**REQUESTED RELIEF:**

12.   For the foregoing reasons, Applicants respectfully request that the Clerk of this Court issue subpoenas in the forms of **Exhibits F, G**, **H, I, J, K**, **L**, and **M** attached hereto, directed to the four non-party witnesses identified above, commanding each to appear and testify at deposition at the time and place to be specified therein, before an officer authorized to administer oaths within this District, pursuant to 35 U.S.C. § 24 and Federal Rule of Civil Procedure 45. **Exhibits F, G, H, and I** are subpoenas for depositions during discovery. **Exhibits J, K, L and M** are subpoenas for depositions during Applicants' trial period.

13.   The subpoena forms will be completed by counsel as to date, time, and location of deposition prior to service. Pursuant to 35 U.S.C. § 24 and 28 U.S.C. § 1821, each witness will be tendered the statutory witness fee and mileage allowance at the time of service.

DATED:  June 17, 2026

RUSS, AUGUST & KABAT

By:   */s/ Irene Y. Lee*

Irene Y. Lee
Leeran Kasis
Attorneys for Applicants
THOR TECH, INC. and
AIRSTREAM, INC.

RUSS, AUGUST & KABAT

7